IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Daniel D. Domenico**

Civil Action Nos. 1:21-cv-01461-DDD
                                1:21-cv-01853-DDD
                                1:22-cv-00023-DDD

In re AKEEM ABDULLAH MAKEEN, Debtor.

AKEEM ABDULLAH MAKEEN, Debtor,

        Appellant and Defendant,

v.

DAVID V. WADSWORTH, Chapter 7 Trustee,

        Appellee and Plaintiff,

v.

MAKEEN INVESTMENT GROUP, LLC; and
MAKEEN FAMILY CHILDREN'S TRUST,

        Defendants,

v.

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF
COLORADO; and
U.S. TRUSTEE,

        Interested Parties.

---

## ORDER DISMISSING APPEALS

---

Before the Court are three appeals filed by pro se[1] Appellant and

Debtor Akeem A. Makeen, in which he challenges orders issued by the

---

[1]   Because Mr. Makeen is proceeding without an attorney, the Court must liberally construe his pleadings, without assuming the role of advocate on his behalf. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

U.S. Bankruptcy Court for the District of Colorado in ongoing Chapter 7 and adversary proceedings. Because all three appeals concern the same property, the same relevant facts and procedural history, and related legal issues, the Court considers them together.[2] For the following reasons, the appeals are dismissed.[3]

## BACKGROUND

In July 2018, Mr. Makeen filed a Chapter 11 bankruptcy petition; the case was later converted to a Chapter 7 bankruptcy on motion of the Trustee, Appellee David V. Wadsworth. *In re Makeen*, No. 1:18-bk-15794 (Bankr. D. Colo. filed July 2, 2018).

On January 3, 2020, Mr. Makeen for the first time claimed a homestead exemption in the property at issue in the instant appeals: 3312 South Tulare Circle in Denver, Colorado. *Id.*, ECF No. 605 at 4; *see also id.*, ECF No. 946 at 11. On January 20, 2020, the Trustee timely

---

[2]   Mr. Makeen has filed a fourth appeal that is also pending before this Court, but that case concerns different properties and legal issues and is not addressed in this Order. (*See* 1:21-cv-01469, Doc. 1.)

[3]   The Court has "examine[d] the briefs and record and determine[d] that oral argument is unnecessary because . . . the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. Bankr. P. 8019(b)(3); *see also* Fed. R. Bankr. 8013(c) (motions will be decided without oral argument unless otherwise ordered); Local App. R. 10.2(b) (bankruptcy appeals to this District must be administered as prescribed in the Federal Rules of Bankruptcy Procedure).

filed objections to Mr. Makeen's claimed homestead exemption.[4] *Id.*, ECF No. 628; *see also id.*, ECF No. 964. On January 29, 2020, the bankruptcy court held a hearing regarding various pending matters, including the disputed homestead exemption, and ordered the Trustee to file additional briefing in support of his objections to the claimed exemption. *Id.*, ECF No. 640 at 1. Following receipt of that briefing, the bankruptcy court held another hearing in April 2020, at which it overruled the Trustee's *Rooker-Feldman* and issue-preclusion arguments. In making its ruling, however, the bankruptcy court noted that "other issues remain as to the Debtor's entitlement to a homestead exemption for Tulare and those issue[s] will be determined at a later date."[5] *Id.*, ECF No. 783 at 1.

In June 2020, the bankruptcy court determined that the remaining issues involving Mr. Makeen's claimed homestead exemption and the Trustee's objections thereto would "be heard either in conjunction with, or after resolution of, the claims" in a related adversary proceeding involving the Tulare property. *Id.*, ECF No. 831; *see also Wadsworth v. Makeen*, No. 1:20-ap-01149 (Bankr. D. Colo. filed May 19, 2020). In the adversary proceeding, the Trustee alleges that in 2013 Mr. Makeen improperly transferred the Tulare property to his father and a family trust in an effort to remove it from the reach of creditors. *See Wadsworth v.*

---

[4]  The Trustee objected on numerous grounds, including the *Rooker-Feldman* doctrine, the fact that Mr. Makeen had taken inconsistent positions regarding his interest in the Tulare property, the fact that Mr. Makeen had previously claimed a homestead exemption in a different property, and the fact that Mr. Makeen allegedly does not have an ownership interest in the Tulare property. *In re Makeen*, No. 1:18-bk-15794, ECF No. 628 ¶¶ 40-50.

[5]  Mr. Makeen contends that the bankruptcy court overruled all the Trustee's objections at the April 2020 hearing and that no pending objections remain (*e.g.*, 1:21-cv-01853, Doc. 17 at 2-4; *id.*, Doc. 20 at 5-9; 1:22-cv-00023, Doc. 7 at 10-13; *id.*, Doc. 18 at 20-24), but that is plainly not the case.

*Makeen*, No. 1:20-ap-01149, ECF No. 1. Mr. Makeen may not claim a homestead exemption in the property if it was fraudulently transferred. *See* 11 U.S.C. § 522(g).

In May 2021, the bankruptcy court formally consolidated the outstanding homestead exemption issues into the adversary proceeding. *In re Makeen*, No. 1:18-bk-15794, ECF No. 981 at 1; *Wadsworth v. Makeen*, No. 1:20-ap-01149, ECF No. 44 at 1. Mr. Makeen then moved the bankruptcy court to stay the adversary proceeding until the validity of his claimed homestead exemption was determined. *Wadsworth v. Makeen*, No. 1:20-ap-01149, ECF No. 47. The bankruptcy court denied the motion to stay, *id.*, ECF No. 52, and Mr. Makeen appealed that denial to this Court (No. 1:21-cv-01461, Doc. 1), the first of the three appeals at issue here.

Mr. Makeen continued to pursue adjudication of his claimed homestead exemption in the adversary proceeding. He filed (1) a motion requesting that the bankruptcy court hold an expedited exemption hearing, *Wadsworth v. Makeen*, No. 1:20-ap-01149, ECF No. 69, which the court denied, *id.*, ECF No. 71; (2) a motion requesting that the court "hold [the] homestead exemption attaches automatically upon occupancy of the Tulare home," *id.*, ECF No. 72, which the court denied as unnecessary, *id.*, ECF No. 74; and (3) a motion for reconsideration of the court's order on his automatic-attachment motion, *id.*, ECF No. 75, which the court denied, *id.*, ECF No. 77. Mr. Makeen then appealed the bankruptcy court's denials of those three motions to this Court (No. 1:21-cv-01853, Doc. 1), the second of the three appeals at issue here. Mr. Makeen then moved the bankruptcy court to stay the adversary proceeding pending the second appeal, and the bankruptcy court denied that motion. *Wadsworth v. Makeen*, No. 1:20-ap-01149, ECF Nos. 85, 88, 90, 96.

The adversary proceeding remains pending, and the bankruptcy court has not yet resolved the issue of whether Mr. Makeen fraudulently transferred the Tulare property, nor has it resolved the Trustee's remaining objections to Mr. Makeen's claimed homestead exemption in the property. Those unresolved issues notwithstanding, there appears to be no dispute that Mr. Makeen had the power to control the Tulare property, whether as owner of the property or as trustee of the family trust, and that power—including the power to sell the property—is part of the bankruptcy estate. *See In re Makeen*, No. 1:18-bk-15794, ECF No. 1045 at 2-4; (No. 1:22-cv-00023, Doc. 18 at 8-9, 16 (acknowledging that power to sell family trust property is part of bankruptcy estate)).

In November 2021, the Trustee filed a motion in the Chapter 7 proceeding requesting permission to sell the Tulare property to satisfy claims against the bankruptcy estate. *In re Makeen*, No. 1:18-bk-15794, ECF No. 1011. The Trustee stated that the sale proceeds would be retained in his trust account until resolution of the litigation regarding Mr. Makeen's claimed homestead exemption. *Id.* ¶¶ 23-24. Mr. Makeen objected to the proposed sale, *id.*, ECF No. 1023, and the bankruptcy court held a hearing on the Trustee's motion to sell the property in December 2021, *id.*, ECF No. 1032; *Wadsworth v. Makeen*, No. 1:20-ap-01149, ECF No. 151. At the hearing, the bankruptcy court stated its intent to approve the sale of the Tulare property. *In re Makeen*, No. 1:18-bk-15794, ECF No. 1032; *Wadsworth v. Makeen*, No. 1:20-ap-01149, ECF No. 151. Mr. Makeen then filed the third of the three appeals at issue here. (No. 1:22-cv-00023, Doc. 1; *see also id.*, Doc. 6.) He moved the bankruptcy court to stay its approval of the sale pending the third appeal, and the bankruptcy court denied that motion. *In re Makeen*, No. 1:18-bk-15794, ECF Nos. 1044, 1048.

On January 5, 2022, the bankruptcy court formally granted the Trustee's motion to approve the sale and overruled Mr. Makeen's objections to the sale as follows:

> The Debtor currently resides at the Tulare property. The Trustee has located a buyer willing to pay $642,000 for the property. By the Trustee's calculations, this amount will exceed the three liens on the property, which total approximately $444,000, and the costs of sale, estimated at $41,730. This would leave the estate with $198,250 in net sale proceeds. The Debtor has claimed a homestead exemption in the amount of $110,000 in Tulare. The Trustee has objected to that exemption and the Court has consolidated the exemption dispute with the Trustee's adversary proceeding . . . . However, even assuming the Debtor's exemption is ultimately allowed in full, there would remain $88,250 in equity from the sale of Tulare.
>
> . . . .
>
> The Court held a hearing on December 22, 2021 to discuss the sale. At that hearing, the Debtor appeared to consent to the sale of Tulare and indicated that he had started packing his belongings and that he merely wanted to ensure he had sufficient time to move out. Despite these representations, the Debtor subsequently filed further pleadings, including a Motion to Reconsider and an Objection to Trustee's Proposed Order that make further arguments opposing the sale. As such, the Court will address the Debtor's . . . objections in this written order.
>
> . . . .
>
> The Debtor . . . makes various arguments related to his claimed homestead exemption in Tulare. He contends not only that the Trustee cannot sell Tulare because it is allegedly exempt but also that the Trustee has failed to comply with certain provisions of Colorado's exemption statute and that the Trustee abandoned his objection to the Debtor['s] homestead exemption. These arguments misunderstand the exemption process and how it operates within a bankruptcy case. Simply because the Debtor claimed an exemption in Tulare does not make it automatically exempt from the estate. Pursuant to § 522(l), property claimed as

exempt by a debtor on Schedule C is exempt from the bankruptcy estate "[u]nless a party in interest objects." The Trustee filed a timely objection to the Debtor's homestead exemption claim in Tulare. Thus, the Debtor's mere claim of exemption does not automatically exempt Tulare from the bankruptcy estate.

To the extent the Debtor is arguing that the Trustee's objection has been resolved or i[s] no longer pending, that argument is also without merit. The Debtor points to a prior Minute Order issued by this Court on April 23, 2020 as resolving the Trustee's exemption objection. That Minute Order, however, . . . . specifically stated that "other issues remain as to the Debtor's entitlement to a homestead exemption for Tulare and those issues will be determined at a later date." . . . The Trustee . . . reserved the right to file additional briefing on the homestead issue and [stated] that there were factual issues to be resolved relating to his objection, including the various title transfers of Tulare and the Debtor's inconsistent statements and actions regarding the homestead exemption.

The Debtor points out that the Trustee's exemption objection and supporting brief never raised application of § 522(g) and the Debtor argues that the Trustee should be barred from doing so now. Section 522(g) provides that a debtor may not claim an exemption in fraudulently transferred property recovered by a trustee, where the transfer was voluntary or where the transfer of property interest was concealed. This provision became relevant only after the Trustee filed his fraudulent transfer claims . . . . [T]he Trustee had no reason to mention § 522(g) in [his original objections to Debtor's homestead exemption] because he was not yet seeking to recover a fraudulent transfer of Tulare. After the Trustee filed his fraudulent transfer claims, this Court consolidated the exemption issue with the Fraudulent Conveyance Action. As this Court has explained to the Debtor on many occasions, the Court cannot determine the Debtor's exemption claim without first resolving the Trustee's fraudulent transfer claims. . . . Contrary to the Debtor's argument, the Trustee has not waived any § 522(g) arguments or his objection to Debtor's claim homestead exemption.

The pendency of the dispute on Debtor's homestead exemption is not a reason to stop the sale of Tulare. The sale of Tulare will not diminish the Debtor's exemption claim as that exemption, if valid, will attach to the net proceeds of the sale. The Trustee has indicated that he will hold the net proceeds of the sale in his trust account until the homestead exemption issue is resolved.

The Debtor also argues that the Trustee's sale of Tulare is invalid because the Trustee has failed to comply with Colo. Rev. Stat. § 38-41-206, entitled "Levy on homestead—excess—costs." . . . This statute only applies when a judgment creditor is attempting to levy real property under state law to satisfy a judgment. The Trustee is not attempting [to] levy the Tulare property under state law. Rather, he is selling the property pursuant to 11 U.S.C. § 363. As such, Colo. Rev. Stat. § 38-41-206 is inapplicable. Even if it were somehow applicable, its procedures would be preempted by the sale procedures in § 363.

*In re Makeen*, No. 1:18-bk-15794, ECF No. 1045 (citations omitted) (order overruling objections); *see also id.*, ECF No. 1046 (order approving sale); *id.*, ECF No. 1047 (judgment).

On January 31, 2022, the Trustee sold the Tulare property for $642,000.00, resulting in net proceeds of $122,376.41. *Id.*, ECF No. 1077; *see also* (No. 1:22-cv-00023, Doc. 23). The Trustee is currently holding those proceeds—which exceed the exempt amount to which Mr. Makeen claims he is entitled—in his trust account as promised. (*Id.*, Doc. 29 at 20.)

## CASE NOS. 1:21-cv-01461-DDD AND 1:21-cv-01853-DDD

In the first two appeals at issue here, Mr. Makeen challenges the bankruptcy court's decision to first resolve the Trustee's fraudulent transfer claims in the adversary proceeding before adjudicating his homestead exemption claim. (*See* 1:21-cv-01461, Docs. 6, 9, 11, 12 19; 1:21-cv-01853, Docs. 9, 10, 17, 19, 20.) Mr. Makeen contends that the

bankruptcy court erred by (1) not staying the adversary proceeding until the homestead exemption claim is resolved, as purportedly required by Colo. Rev. Stat. § 13-55-103; and (2) not holding a hearing on the homestead exemption claim within fourteen days of filing, as purportedly required by Colo. Rev. Stat. § 13-55-104. He further contends that the bankruptcy court's alleged failure to timely hold an exemption hearing divested the bankruptcy court of subject-matter jurisdiction over the Trustee's fraudulent transfer claims in the adversary proceeding. He requests that the Court remand the case to the bankruptcy court with instructions to (1) hold an exemption hearing within seven days, and (2) dismiss the adversary complaint with prejudice.

The Trustee responded to Mr. Makeen's arguments on the merits, but also contends that this Court lacks subject-matter jurisdiction to hear these two appeals because the orders Mr. Makeen challenges are non-final orders of the bankruptcy court. (*See* 1:21-cv-01461, Docs. 10, 16; 1:21-cv-01853, Docs. 14, 15, 16, 18.) The Court agrees that it lacks subject-matter jurisdiction over these two appeals, and the appeals must therefore be dismissed without prejudice.

## I.  Applicable Law

A district court generally may hear appeals only "from final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(1). Ordinarily, an order is not "final" unless it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton Cnty*, 527 U.S. 198, 204 (1999). But because bankruptcy cases "usually encompass a variety of assorted disputes," the concept of finality has been given a less restrictive meaning in the bankruptcy context. *United Phosphorus Ltd. v. Fox* (*In re Fox*), 241 B.R. 224, 228 (B.A.P. 10th Cir. 1999); *Crossingham Trust v. Baines*

(*In re Baines*), 528 F.3d 806, 809 (10th Cir. 2008). A bankruptcy order may be appealed as a "final" order if it "conclusively determines" a "discrete dispute" within the larger bankruptcy case. *United Phosphorus*, 241 B.R. at 228; *Crossingham Trust*, 528 F.3d at 810. "Bankruptcy orders that have been found to be final and appealable include orders that decisively resolve disputes regarding the assets or liabilities of a bankruptcy estate and orders that resolve questions concerning the distribution of assets from a bankruptcy estate." *United Phosphorus*, 241 B.R. at 229. "In contrast, an order is not final if it is a solitary decision that functions only as a step toward [a] final judgment in[to] which [it] will merge." *Id.* (internal quotation marks omitted).

A district court may grant an appellant leave to appeal a bankruptcy court's non-final order only if the court finds that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Scoggin v. Weinman* (*In re Adam Aircraft Indus., Inc.*), Nos. 09-cv-00728-CMA, 09-cv-00729 AP, 2010 WL 717841, at *2 (D. Colo. Feb. 23, 2010) (quoting 28 U.S.C. § 1292(b); citing *United Phosphorus*, 241 B.R. at 233). Such leave should be granted "with discrimination and reserved for cases of exceptional circumstances." *United Phosphorus*, 241 B.R. at 232. Exceptional circumstances may exist if "prohibiting review would force an appellant to irrevocably lose an important right" or "an appellant will effectively be denied review if the proceeding progresses to its natural end." *Id.* at 233. It is the appellant's burden to demonstrate that exceptional circumstances exist. *Scoggin*, 2010 WL 717841, at *2 (citing *Twenver, Inc. v. MCA Television, Ltd.* (*In re Twenver, Inc.*), 127 B.R. 467, 470 (D. Colo. 1991)).

## II. Discussion

This Court does not have jurisdiction to hear the appeals in Case Nos. 1:21-cv-01461-DDD and 1:21-cv-01853-DDD because the bankruptcy court orders Mr. Makeen challenges in those appeals are neither final orders nor qualifying interlocutory orders.

The bankruptcy court's orders (1) determining that it must resolve the Trustee's fraudulent transfer claims before addressing the Trustee's remaining objections to Mr. Makeen's claimed homestead exemption; (2) declining to stay the fraudulent transfer claims pending adjudication of the homestead exemption claim; and (3) declining to hold an expedited hearing on the homestead exemption claim are not final orders. *See Alliant Nat'l Title Ins. Co. v. Larson* (*In re Larson*), 466 B.R. 147, 149 (B.A.P. 10th Cir. 2012) (bankruptcy court's order denying motion to stay adversary proceedings pending resolution of related criminal investigation was "clearly" not final order); *McIntyre v. Active Energies Solar, LLC* (*In re McIntyre*), 857 F. App'x 976, 978 (10th Cir. 2021) (B.A.P. found bankruptcy court order abating debtor's objections to proof of claim pending resolution of related state-court proceeding was not final order). These orders function only as a step toward the ultimate resolution of the parties' disputes regarding the Tulare property. The bankruptcy court has not yet conclusively resolved those disputes—it has not resolved the Trustee's fraudulent transfer claims; it has not ruled on the Trustee's remaining objections to Mr. Makeen's homestead exemption claim; and it has not issued any final order determining that

Mr. Makeen is or is not entitled to a homestead exemption in the Tulare property.[6]

Nor has Mr. Makeen demonstrated that there are any exceptional circumstances that warrant leave to appeal the challenged interlocutory orders. This is not a case where prohibiting interlocutory review would cause Mr. Makeen to irrevocably lose an important right, or where he would be denied review if the proceedings involving the Tulare property are permitted to progress to their natural end. The Trustee is holding the proceeds of the Tulare sale in trust until the parties' disputes surrounding the property are resolved. Mr. Makeen's right to the exempted homestead amount, if any, will therefore not be lost if the bankruptcy court abates resolution of the Trustee's objections to the homestead exemption pending adjudication of the Trustee's fraudulent transfer claims. Mr. Makeen argues that if he is forced to wait for a final order before filing an appeal, he will lose his right to a prompt exemption hearing pursuant to Colo. Rev. Stat. § 13-55-104. (1:21-cv-01461, Doc. 19.) But as the bankruptcy court explained, state-law execution procedures

---

[6] In fact, on March 11, 2022, the bankruptcy court ordered further briefing from the parties on these very issues. *See In re Makeen*, No. 1:18-bk-15794, ECF No. 1100 (order for briefing on homestead exemption claim); *Wadsworth v. Makeen*, No. 1:20-ap-01149, ECF No. 186 (order terminating consolidation of homestead exemption claim with adversary proceeding and to show cause why adversary proceeding should not be dismissed as moot).

are inapplicable in this federal bankruptcy proceeding.[7] Mr. Makeen therefore will not lose any state-law right to a prompt exemption hearing if interlocutory review is denied, because he has no such right in this case.

The Court therefore lacks subject-matter jurisdiction over these two appeals and must dismiss the appeals without prejudice to Mr. Makeen's right to appeal any final order the bankruptcy court may issue concerning the Tulare property.

### CASE NO. 1:22-cv-00023-DDD

In the third appeal at issue here, Mr. Makeen challenges the bankruptcy court's orders approving the sale of the Tulare property. (*See* 1:22-cv-00023, Docs. 1, 6, 7, 18, 21, 24, 25, 27.) He contends that the bankruptcy court erred by approving the sale before adjudicating his homestead exemption claim, and he alternatively requests that the Court either determine the exempted homestead amount to which he is entitled, or remand the case and instruct the bankruptcy court (1) to file a notice listing all of the Trustee's outstanding objections to his homestead exemption claim; (2) to hold an exemption hearing within thirty

---

[7]   *See, e.g.*, *Tyner v. Nicholson* (*In re Nicholson*), 435 B.R. 622, 633 (B.A.P. 9th Cir. 2010) (state law may control the "nature and extent" of exemptions, but "the manner in which such exemptions are to be claimed, set apart, and awarded, is regulated and determined by the federal courts, as a matter of procedure in the course of bankruptcy administration"), *abrogated on other grounds by Law v. Siegel*, 571 U.S. 415 (2014); *Crowell v. Theodore Bender Acct., Inc.* (*In re Crowell*), 138 F.3d 1031, 1035 (5th Cir. 1998) ("The Bankruptcy Code, by simply allowing debtors to claim a state-law exemption, should not be understood to force bankruptcy courts to use state-law procedures . . . ."); *Hart v. Crawford* (*In re Hart*), 332 B.R. 439, 443 (D. Wyo. 2005) (in opt-out states, "state law governs the specific property that may be exempted and value of such exemptions," but "federal law controls exemptions generally and exemption procedures").

days and file a report with this Court; and (3) that any sale of home-steaded property must comply with the procedures set forth in Colo. Rev. Stat. § 38-41-206.

The Trustee responded to Mr. Makeen's arguments on the merits, but also contends that this appeal is now moot pursuant to 11 U.S.C. § 363(m) because the Tulare property was sold to a good-faith purchaser on January 31, 2022. (*See id.*, 1:22-cv-00023, Docs. 12, 17, 23, 26, 29.) The Trustee moves to dismiss the appeal on that basis. (*Id.*, Doc. 23.) Mr. Makeen also recently filed a motion to either dismiss or administratively close the appeal in light of the bankruptcy court's March 11, 2022 order for briefing from the parties regarding his homestead exemption claim, *see supra* note 6. (1:22-cv-00023, Doc. 31.) The Court agrees that the appeal must be dismissed. But before turning to the parties' motions to dismiss, the Court will first briefly address Mr. Makeen's motion to stay the sale (*id.*, Doc. 7) and the reasons why the Court declined to grant that motion in advance of the anticipated sale date.

## I.  Mr. Makeen's Motion to Stay Sale

Mr. Makeen moved to stay the sale of the Tulare property pending the outcome of the third appeal. (*Id.*; *see also id.*, Docs. 18, 21.) The Court did not stay the sale for the following reasons.

### A. Applicable Law

A motion to stay an order of the bankruptcy court pending appeal may be made in the district court where the appeal is pending. Fed. R. Bankr. P. 8007(a)(1)(A), (b)(1). But "[a] stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). A stay pending appeal is instead an exercise of judicial discretion, and the party requesting the stay bears the burden of

showing that the circumstances justify an exercise of that discretion. *Id.* at 433-34. Where, as here, the appellant first moved for a stay in the bankruptcy court and was denied such relief, *In re Makeen*, No. 1:18-bk-15794, ECF Nos. 1044, 1048, the district court reviews the bankruptcy court's denial for abuse of discretion. *Morreale v. 2011-SIP-1 CRE/CADC Venture, LLC* (*In re Morreale*), No. 15-cv-0008-WJM, 2015 WL 429502, at *1 (D. Colo. Jan. 30, 2015).

A judicial decision is an abuse of discretion if it is based on an error of law or clearly erroneous finding of fact, if it is not supported by the record, or if it is arbitrary, capricious, whimsical, or manifestly unreasonable. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987); *Lang v. Lang* (*In re Lang*), 305 B.R. 905, 908 (B.A.P. 10th Cir. 2004), *aff'd* 414 F.3d 1191 (10th Cir. 2005). A bankruptcy court's denial of a stay may not be disturbed unless the appellate court "has a definite and firm conviction that the [bankruptcy] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Lang*, 305 B.R. at 908. The question is not how the appellate court would have ruled, "but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Id.*

The factors to be considered by a court when determining whether to grant a stay pending appeal are: (1) whether the movant has made a strong showing that he is likely to succeed on the merits of the appeal; (2) whether the movant will be irreparably injured absent a stay; (3) whether granting the stay will result in substantial harm to the other parties to the appeal; and (4) where the public interest lies. *Nken*, 556 U.S. at 434; *accord Lang*, 305 B.R. at 911.

## B. Discussion

The Court did not grant a stay in this case because Mr. Makeen failed to demonstrate one of "the most critical" of the four stay factors: a likelihood of success on the merits of his appeal. *Nken*, 556 U.S. at 434. Mr. Makeen contends that the bankruptcy court erred by denying his homestead exemption claim. But as discussed above in connection with the first two appeals, Mr. Makeen's homestead exemption claim has not been denied. The claim is still pending before the bankruptcy court—that court has not resolved the Trustee's fraudulent transfer claims, ruled on the Trustee's remaining objections to the homestead exemption claim, or granted or denied the homestead exemption claim. The only issue ripe for review in the present appeal, therefore, is whether the bankruptcy court erred by authorizing the sale of the Tulare property. The Court determined that Mr. Makeen is not likely to succeed in making such a showing.

Liberally construing Mr. Makeen's briefing, the Court discerned the following arguments: (1) by authorizing the sale, the bankruptcy court effectively denied Mr. Makeen's homestead exemption claim, because the Colorado homestead exemption statute preserves a right of occupancy and prevents sale of the homesteaded property; (2) the bankruptcy court failed to follow Colorado statutes that (a) require the Trustee to file certain documents in advance of the sale and require a minimum sale price for a creditor to force a sale of homesteaded property, and (b) require any sale to be stayed until all exemption claims have been determined; and (3) Mr. Makeen was denied constitutional procedural due process because the bankruptcy court has not yet held a

hearing on the Trustee's remaining objections to the homestead exemption claim.[8]

### 1. Colorado's Homestead Exemption Does Not Prohibit Sale of Homesteaded Property

Colorado's homestead exemption statute "does not exempt the Debtor's entire homestead[;] it only exempts a statutory amount of equity in the homestead." *Parr v. Rodriguez* (*In re Parr*), No. CO-18-084, 2019 WL 365748, at *5 (B.A.P. 10th Cir. Jan. 30, 2019). This means that if the homesteaded property has "significant nonexempt equity," the bankruptcy trustee may obtain the bankruptcy court's authorization to sell the property so long as the exempt amount is paid to the debtor from the resulting proceeds. *Parr v. Rodriguez* (*In re Parr*), 778 F. App'x 569, 571 (10th Cir. 2019).[9]

Such is the case here. Mr. Makeen's claimed homestead exemption does not prevent sale of the Tulare property because the purchase price obtained by the Trustee exceeds the amount of all encumbrances on the

---

[8]    Mr. Makeen also presented arguments as to why he qualifies for a homestead exemption in the Tulare property, why the Trustee's objections to his homestead exemption claim were untimely, and why the Trustee's fraudulent transfer claims lack merit. The Court cannot address those arguments here because they are still pending before the bankruptcy court in the first instance and are not ripe for appeal.

[9]    *Accord Baker v. Allen*, 528 P.2d 922, 925 (Colo. App. 1974) ("If the bankrupt's interest in the real estate involved exceeds the amount of valid liens plus the homestead exemption, then the trustee may sell the property for the purpose of obtaining the excess value to satisfy claims of creditors."); *see also* Colo. Rev. Stat. § 13-55-109 (court may order sale of partially exempt property with debtor to be paid exempted amount from proceeds of sale); Colo. Rev. Stat. § 38-41-206 (permitting levy on homestead with debtor to be paid homestead exemption amount from proceeds of sale); *cf. In re Pastrana*, 216 B.R. 948 (Bankr. D. Colo. 1998) (trustee could sell properties to liquidate non-exempt equity for distribution to creditors).

property plus the homestead exemption, if applicable. The bankruptcy court found that the proposed sale would result in significant non-exempt equity for distribution to creditors even if Mr. Makeen's claimed homestead exemption is found to be valid. *In re Makeen*, No. 1:18-bk-15794, ECF No. 1045 at 1. And because the net proceeds of the sale would be retained in the Trustee's trust account pending resolution of the adversary proceeding and Mr. Makeen's homestead exemption claim, *id.*, ECF No. 1046 ¶¶ 7-8, selling the property would not deprive Mr. Makeen of any exempt homestead amount to which he may be entitled.

The Court therefore determined that Mr. Makeen was not likely to succeed in showing that the bankruptcy court's order approving sale of the Tulare property was in effect a denial of his homestead exemption claim.

### 2. State-Law Execution Procedures Do Not Apply in this Federal Bankruptcy Case

The Court also determined that Mr. Makeen was unlikely to succeed in showing that the bankruptcy court improperly failed to require the Trustee to comply with state-law sale procedures before approving the sale of the Tulare property.

Mr. Makeen argued that Colorado statutes require that the Trustee file certain affidavits before proceeding with sale of a homestead, that the sale price exceed seventy percent of the property's fair market value, and that any sale be stayed until all claimed exemptions are determined. *See* Colo. Rev. Stat. §§ 38-41-206, 13-55-103. But those state-law statutes do not govern the Trustee's sale of the Tulare property pursuant to 11 U.S.C. § 363. "[A] chapter 7 trustee [is not required] to comply with all state law execution procedures before being able to sell property of

the estate . . . ." *Bencomo v. Avery* (*In re Bencomo*), No. CC 15-1442-DKuF, 2016 WL 4203918, at *5 to *6 (B.A.P. 9th Cir. Aug. 8, 2016). While state law may govern which property is exempt and the value of exemptions, federal law governs the procedures for claiming exemptions and adjudicating exemption disputes. *See supra* note 7.

The only procedural rules that governed the bankruptcy court's adjudication of the Trustee's proposed sale of the Tulare property were those set forth in the federal bankruptcy statutes and the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. 6004; Local Bankr. R. 6004-1. As to the purchase price of the property, 11 U.S.C. § 363(b) requires that sound business reasons support a trustee's proposed sale. *In re Psychrometric Sys., Inc.*, 367 B.R. 670, 674 (Bankr. D. Colo. 2007); *Allen v. Cohen*, No. 13-cv-1470-WJM, 2014 WL 2118293, at *4 (D. Colo. May 21, 2014) (citing *In re Castre, Inc.*, 312 B.R. 426, 428 (Bankr. D. Colo. 2004)). Mr. Makeen asserted that the Trustee here utilized a biased real estate agent to assist with the sale instead of a qualified independent appraiser. But nothing in the record supports that assertion or otherwise indicates that Mr. Makeen would be likely to succeed in

showing that the Trustee's proposed sale did not reflect sound business judgment.[10]

### 3. The Bankruptcy Court Gave Mr. Makeen Due Process

The Court also determined that Mr. Makeen was not likely to succeed in showing that he was denied constitutional due process. Procedural due process simply requires some kind of notice and an opportunity to be heard. *See Onyx Props. LLC v. Bd. of Cnty. Comm'rs*, 838 F.3d 1039, 1043 (10th Cir. 2016). Both were provided here. Mr. Makeen had notice of the Trustee's motion to sell, an opportunity to be heard at the bankruptcy court's hearing on that motion, and further opportunity be heard via the written pleadings he filed before and after that hearing, which the bankruptcy court addressed in its order authorizing the sale.

Because the Court determined that Mr. Makeen had failed to show a likelihood of success on the merits of his appeal, the Court declined to stay the sale of the Tulare property.

---

[10] Factors to be considered when applying the Section 363(b) "business judgment test" include whether the trustee marketed the property and pursued the best offer; whether the proposed sale price is fair and reasonable; whether the proposed sale is to a good-faith purchaser, or if there is evidence of any improper or bad motive; whether the proposed sale is in the best interests of the estate and creditors; and whether the proposed sale will result in the best price possible under the circumstances and maximize the value of the estate. *Psychrometric Sys.*, 367 B.R. at 674 (collecting cases); *Allen*, 2014 WL 2118293, at *4; *see also In re Blixseth*, No. 09-60452-7, 2010 WL 716198, at *8 to *9 (Bankr. D. Mont. Feb. 23, 2010) (relevant factors included whether trustee employed experienced real estate broker to assist with marketing and expert real estate appraiser to estimate value of property).

## II. Parties' Motions to Dismiss

The Trustee moves to dismiss the third appeal pursuant to 11 U.S.C. § 363(m), arguing that the appeal is moot because the Tulare property has been sold to a good-faith purchaser and there is thus no remedy available to Mr. Makeen even if he were to prevail on the merits of the appeal. (1:22-cv-00023, Docs. 23, 26.) Mr. Makeen responds that the remedy he seeks is not a reversal or modification of the sale, but rather an order honoring his homestead exemption and determining the exempt amount to which he is entitled. (*Id.*, Docs. 25, 27.) But now that the bankruptcy court has ordered briefing on his homestead exemption claim, Mr. Makeen no longer seeks that determination from this Court. (*Id.*, Doc. 31.) The Court therefore grants the Mr. Makeen's motion to dismiss and dismisses the third appeal as moot.[11]

### CONCLUSION

The Clerk of Court is directed to docket this Order in Case Nos. 1:21-cv-01461-DDD, 1:21-cv-01853-DDD, and 1:22-cv-00023-DDD.

**In Case No. 1:21-cv-01461-DDD, it is ORDERED that:**

The appeal is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction;

---

[11]   The appeal likely also is statutorily moot pursuant to Section 363(m) because (1) the Tulare property has been sold under Section 363(b), *In re Makeen*, No. 1:18-bk-15794, ECF Nos. 1045, 1011; (2) Mr. Makeen did not obtain a stay pending appeal, *see* Part I, *supra*; (3) Mr. Makeen does not challenge the Trustee's contention that the buyers purchased the property in good faith (*see* 1:22-cv-00023, Docs. 25, 27); and (4) the only available remedy that would not affect the sale's validity—payment of any exempt homestead amount to Mr. Makeen from the proceeds of the sale—is not ripe for appeal, as the bankruptcy court has not yet ruled on the homestead exemption claim and the exempt amount, if any.

Appellant's Emergency Motion to Stay Pending Appeal Pursuant to C.R.S. § 13-55-103, to Address the Homestead Exemption on the Tulare Property (Doc. 6) is DENIED AS MOOT; and

Appellant's Motion to Consolidate Related Appeals (Doc. 20) is DENIED AS MOOT.

**In Case No. 1:21-cv-01853-DDD, it is ORDERED that:**

Appellee's Motion to Dismiss Appeal or in the Alternative Allow for Late Filing of Response Brief (Doc. 14) is GRANTED;

The appeal is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction;

Appellant's Motion for Stay Pursuant to Rule 8 (Doc. 9) is DENIED AS MOOT; and

Appellant's Motion to Consolidate Related Appeals (Doc. 21) is DENIED AS MOOT.

**In Case No. 1:22-cv-00023-DDD, it is ORDERED that:**

Appellant and Debtor Akeem A. Makeen's Emergency Verified Motion for Temporary Restraining Order and/or Preliminary Injunction Pursuant to Rule 65(a) and (b) and/or Motion to Stay or Injunction Pending Appeal of the Court's Approval of Trustee's Motion to Sale of Real Property Free and Clear of Liens, Claims, and Encumbrances (3312 South Tulare Circle, Denver, CO 80231) and Motion to Expedite the Appeal (Doc. 7) is DENIED AS MOOT;

Appellant's Motion to Dismiss Appeal or in the Alternative to Close the Case Giving the Debtor Permission to Reopen (Doc. 31) is GRANTED;

The appeal is DISMISSED AS MOOT; and

Appellee's Motion to Dismiss Appeal (Doc. 23) is DENIED AS MOOT.

**It is FURTHER ORDERED that:**

Prior to filing any additional motions or other papers in these or any other bankruptcy appeals pending before this Court now or in the future, both parties must review and comply with the length limitations set forth in Federal Rules of Bankruptcy Procedure 8013(f)(3) and 8015(a)(7). Any future motions or briefs that exceed the applicable length limit without leave of the Court or that fail to include a certificate of compliance if required by Rule 8013(f)(3)(A) or (C) or Rule 8015(h) may be stricken without further notice.

DATED: March 17, 2022                    BY THE COURT:

Hon. Daniel D. Domenico